IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**RANDY COOPER,**

    **Plaintiff,**

v.                                        Case No. 5:06-cv-00241

**CAPT. R. WILLIAMS,
WARDEN THOMAS MCBRIDE,
JIM RUBENSTEIN, Commissioner of
Corrections, CAPT. R. RHODES,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On March 31, 2006, Plaintiff, an inmate at the Mount Olive Correctional Complex ("MOCC"), acting pro se, filed a Complaint for relief under 42 U.S.C. § 1983 (docket sheet document # 2) and an Application to Proceed Without Prepayment of Fees (# 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## ANALYSIS

This is the 33rd case filed by Plaintiff in this court since September of 1999. The chart below details the disposition of Plaintiff's prior cases:

| Case Style | Case Number | Nature of Case (as docketed) | Date Filed | Assigned Judge | Disposition |
|---|---|---|---|---|---|
| Cooper v. Painter | 5:99-0771 | § 1983 | 9/8/99 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Plaintiff's objection. |
| Cooper v. Rhoads | 5:00-0978 | § 1983 | 10/18/00 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Plaintiff's objections. |
| Cooper v. Juline | 5:00-1083 | § 1983 | 11/17/00 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Plaintiff's objections. |
| Cooper v. Painter | 5:00-1084 | § 1983 | 11/17/00 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Plaintiff's objections. |
| Cooper v. Rhoads | 5:00-1182 | § 2254 | 12/14/00 | Chief Judge Haden | Dismissed summarily over Petitioner's objections. |
| Cooper v. Rhoads | 5:00-1203 | § 2241 | 12/19/00 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Petitioner's objections. |
| Cooper v. Rhoads | 5:01-0550 | § 2254 | 6/20/01 | Chief Judge Haden | Dismissed. |
| Cooper v. Rhoads | 5:01-0591 | § 1983 | 7/5/01 | Judge Faber | Dismissed. |

| Case Style | Case Number | Nature of Case (as docketed) | Date Filed | Assigned Judge | Disposition |
|---|---|---|---|---|---|
| Cooper v. Painter | 5:01-0664 | § 1983 | 7/26/01 | Judge Faber | Dismissed as frivolous. |
| Cooper v. Ackerman | 5:01-0762 | § 2254 | 8/17/01 | Judge Chambers | Dismissed. |
| Cooper v. Rubenstein | 5:01-1006 | § 1983 | 11/1/01 | Judge Faber | Dismissed. |
| Cooper v. Rubenstein | 5:02-0227 | § 2254 | 3/13/02 | Judge Chambers | Dismissed pursuant to 28 U.S.C. § 1915(g). |
| Cooper v. State of WV | 5:02-0325 | § 1983 | 4/10/02 | Judge Chambers | Dismissed pursuant to 28 U.S.C. § 1915(g). |
| Cooper v. State of WV | 5:02-0342 | § 2254 | 4/15/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Bouchillon | 5:02-0425 | § 2254 | 5/7/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Wise | 5:02-0937 | § 2254 | 7/15/02 | Chief Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. State of West Virginia | 5:02-0938 | § 2254 | 7/15/02 | Chief Judge Haden | Dismissed. |
| Cooper v. Rhodes | 5:02-1076 | § 1983 | 8/27/02 | Chief Judge Haden | Dismissed; Plaintiff advised that documents submitted in the future would be subject to pre-filing review. |
| Cooper v. Wilson | 5:02-1400 | § 1983 | 12/3/02 | Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |

| Case Style | Case Number | Nature of Case (as docketed) | Date Filed | Assigned Judge | Disposition |
|---|---|---|---|---|---|
| Cooper v. McBride | 5:02-1413 | § 1983 | 12/9/02 | Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Cortrell | 5:02-1414 | § 2254 | 12/9/02 | Judge Chambers | Dismissed pursuant to 28 U.S.C. § 1915(g). |
| Cooper v. Williams | 5:02-1415 | § 1983 | 12/9/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Wilson | 5:02-1416 | § 1983 | 12/9/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Carcilli | 5:02-1417 | § 2254 | 12/9/02 | Judge Chambers | Dismissed. |
| Cooper v. Foster | 5:02-1419 | § 1983 | 12/9/02 | Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Stanton | 5:02-1420 | § 1983 | 12/9/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Bess | 5:02-1421 | § 1983 | 12/9/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Wilkinson | 5:02-1422 | § 1983 | 12/9/02 | Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Rhodes | 5:02-1425 | § 2254 | 12/10/02 | Judge Haden | Dismissed. |
| Cooper v. Unit Commander Q1, *et al.* | 5:03-0472 | § 1983 | 5/27/03 | Chief Judge Faber | Dismissed. |

| Case Style | Case Number | Nature of Case (as docketed) | Date Filed | Assigned Judge | Disposition |
|---|---|---|---|---|---|
| Cooper v. McBride | 5:05-0103 | § 1983 | 2/8/05 | Judge Chambers | Dismissed. |
| Cooper v. Rubenstein, *et al.* | 5:05-0177 | § 1983 | 3/1/05 | Chief Judge Faber | Dismissed. |

As Plaintiff is well aware, pursuant to 28 U.S.C. § 1915(g), Judge Haden and Chief Judge Faber have previously enjoined him from filing any further civil actions without payment in full of the applicable filing fee, or without leave of court to file such an action without prepayment of fees, based upon a showing that he is under imminent danger of serious physical harm.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has neither paid the filing fee, nor obtained leave of court to file this action without prepayment thereof. The undersigned further proposes that the presiding District Judge **FIND** that Plaintiff's present complaint does not allege that he is under imminent danger of serious physical injury. In fact, Plaintiff's complaint largely complains of conduct that took place in 2000 and 2001.[1] The undersigned further proposes that the presiding District Judge **FIND** that Plaintiff's claims are based on factual

---

[1] The undersigned notes that claims concerning conduct that occurred during that time period would also be barred by the applicable two-year statute of limitations.

5

contentions that are clearly baseless, fanciful, fantastic or delusional. Denton v. Hernandez, 504 U.S. 25, 33 (1992). In reviewing factual allegations, a court need not accept irrational or wholly incredible allegations whether or not there are judicially noticeable facts available to rebut them. Id. at 303-33.

Thus, it is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees (# 1) be **DENIED**, and his Complaint (# 2) be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g) and the injunction of his initiation of further actions without prepayment of fees, as issued in prior orders by this United States District Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

|  |  |
|---|---|
| August 10, 2006<br>Date | *Mary E. Stanley*<br>Mary E. Stanley<br>United States Magistrate Judge |